09-0047-ag
Chen v. Holder

BIA
A077 107 437

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16ᵗʰ day of February, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> GUIDO CALABRESI,
> PETER W. HALL,
> > *Circuit Judges.*

_____

FENG QING CHEN,
ALSO KNOWN AS LENG LENG TANG,
> *Petitioner,*

> v.                                                09-0047-ag
>                                                    NAC

ERIC H. HOLDER JR., U.S. ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        James Costo, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Thankful T. Vanderstar, Attorney, Office of Immigration

**Litigation, U.S. Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Feng Qing Chen seeks review of the December 9, 2008 order of the BIA denying her motion to reopen. *In re Feng Qing Chen a.k.a. Leng Leng Tang*, No. A077 107 437 (B.I.A. Dec. 9, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). As an initial matter, to the extent that Chen attempts to challenge the BIA's October 2002 order dismissing her appeal or its February 2003 order denying her first motion to reopen, those orders are not properly before this Court and we dismiss the petition for review to that extent. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405 (1995); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001).

Only the BIA's December 2008 order denying Chen's second motion to reopen is properly before us, as that is the only decision from which she filed a timely petition for review. *See* 8 U.S.C. § 1252(b)(1). However, Chen has waived any challenge to the agency's denial of her second motion to reopen by failing to sufficiently argue this issue in her brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n.1, 546 n.7 (2d Cir. 2005). Instead, she devotes only a single conclusory sentence to that order in the argument section of her brief, which does not suffice as a challenge to the BIA's order.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

2

Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk